# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ADRIAN D. DELK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-2432-MSN-atc |
| ) | |
| BANYAN LABS, NADIA MCKENZIE, and ) | |
| STACEY BROOKS ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL AND ORDER TO ISSUE PROCESS FOR THE REMAINING DEFENDANT

On June 17, 2024, Plaintiff Adrian D. Delk, a resident of Memphis, Tennessee, filed a *pro se* Complaint, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 3.) On July 3, 2024, the Court granted Delk's motion to proceed *in forma pauperis*. (ECF No. 8.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons discussed below, the Court recommends that Delk's claims against the individually named Defendants be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. The Court further recommends that process be issued to Defendant Banyan Labs.

## **REPORT AND RECOMMENDATION**

**I.     PROPOSED FINDINGS OF FACT**

On June 17, 2024, Delk filed a court-provided form complaint alleging claims against his employer Banyan Labs for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). (ECF No. 1.) He claims that Banyan Labs discriminated against him based on his race, color, and gender/sex. (*Id.* at 4.) Delk also named Nadia McKenzie and Stacey Brooks as individual Defendants. (*Id.*)

Delk alleges that he was retaliated against for not continuing a sexual relationship with McKenzie, his roommate and coworker. (*Id.*) Delk further alleges that Brooks, his supervisor, was good friends with McKenzie and hinted to Delk several times that she would terminate him if he did not continue to have a sexual relationship with McKenzie. (*Id.* at 25.) On February 21, 2023, Delk asked McKenzie to move out of his house and ended his relationship with her. (*Id.*) McKenzie told Delk that, if he did not continue to have sex with her, she would have him fired from his job. (*Id.* at 4.) The following day, Brooks terminated Delk. (*Id.*)

**II.    PROPOSED CONLUSIONS OF LAW**

   A.    28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

B.     Standard of Review for Failure to State a Claim

To determine whether Delk's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416

3

F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded").  Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).  "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

        C.      <u>Delk's Title VII Claims Against the Individual Defendants</u>

Delk seeks to assert claims against McKenzie, his coworker, and Brooks, his supervisor.  However, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).  As a result, Delk's claims against McKenzie and Brooks should be dismissed because individual liability for coworkers and supervisors is not available under Title VII.

4

   D. <u>Delk's Claim Against Banyan Labs</u>

When construing the Complaint in a light most favorable to Delk and accepting his allegations as true, the Court finds that he has satisfied the threshold of alleging facially plausible Title VII claims against Banyan Labs for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii). As such, issuance and service of process is ordered, as discussed below.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the claims against McKenzie and Brooks for violations of Title VII be dismissed with prejudice.

## **ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS**

Having found that Delk has stated a claim for sex discrimination under Title VII, the Court finds that issuance of a summons is appropriate. The Clerk is directed to issue process for Banyan Labs and deliver that process to the U.S. Marshal for service along with a copy of the Complaint and this Report and Recommendation/Order. Service shall be made on Banyan Labs pursuant to Federal Rule of Civil Procedure 4(h). All costs of service shall be advanced by the United States.

Delk shall serve a copy of every document filed in this case on the attorneys for Banyan Labs. Delk shall include a certificate of service with every document filed. He shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules. Delk shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

## **CONCLUSION**

For the reasons set forth above, the Court RECCOMENDS that the claims for violations of Title VII against McKenzie and Brooks be dismissed with prejudice.

5

The Court ORDERS that process be issued and served as set out above.

So ORDERED this 5th day of November, 2024.

s/Annie T. Christoff<br>
ANNIE T. CHRISTOFF<br>
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.